IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

CHRISTOPHER L. MOORE,

   Movant,

v.            Case No. 2:07-cv-00744
             Case No. 2:00-cr-00130-02

UNITED STATES OF AMERICA,

   Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the second Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket # 304) filed by Christopher L. Moore (hereinafter "Defendant"). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the motion and all related materials shall be examined promptly, and if it plainly appears from the face of the motion that the movant is not entitled to relief, the court shall order its summary dismissal and cause the movant to be notified.

## PROCEDURAL HISTORY

On November 13, 2000, following a three-day jury trial, Defendant was convicted of one count of conspiracy to distribute cocaine base (Count One), and two counts of knowingly and

voluntarily distributing cocaine base (Counts Three and Ten), as stated in a Second Superceding Indictment (# 30).  (See "Special Jury Verdict/Interrogatories," # 139).   Defendant's motions for judgment of acquittal and a new trial were denied on February 9, 2001.  (# 183).

On February 16, 2001, Defendant was sentenced to a 360-month term of imprisonment on Count One, and a concurrent term of 240 months on Counts Three and Ten, followed by a five-year term of supervised release on Count One and a concurrent three-year term of supervised release on Counts Three and Ten.  Defendant was also ordered to pay a $300 special assessment. (See "Judgment," # 189, entered on March 16, 2001).  Defendant's appeal to the United States Court of Appeals for the Fourth Circuit was unsuccessful. (United States v. Moore, Case No. 01-4229, 26 Fed. Appx. 159, 2001 WL 1602138(4th Cir., Dec. 17, 2001)(unpublished), # 234).   A mandate issued on January 8, 2002 (# 236).  Defendant did not file a petition for a writ of certiorari in the United States Supreme Court.

Pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive application of the crack cocaine guidelines, Defendant's sentence was reduced to 292 months, by Order entered July 17, 2008.

Defendant filed his first section 2255 motion on or about December 28, 2005 (# 255), in which he sought relief under the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738

(2005), asserting violations of his Fifth and Sixth Amendment rights because his sentence was enhanced based upon conduct not found beyond a reasonable doubt by a jury or admitted by Defendant. (Id. at 4).  The court determined that Defendant's motion was untimely under 28 U.S.C. § 2255, and it was denied (## 262, 263). Defendant's appeal was dismissed.  United States v. Moore, No. 06-7518, 219 Fed. Appx. 324 (4th Cir. Feb. 27, 2007), cert. denied, 128 S. Ct. 549 (Nov. 5, 2007).  On November 19, 2007, Defendant filed the instant motion.

The grounds for relief as stated by Defendant are that (1) "14th Amendment, my liberty, due process and equal protections are being deprived by the WV U.S. Attorney's Office," and (2) 5th [Amendment (?)] is being violated by the U.S. Attorney's Office." (Motion, # 304, at 4-5.)  He provides more detailed explanation as follows [spelling corrected]:

> On 6-2-04, Detective Palmer of the Charleston, West Virginia Metro Drug Unit made a specific trip to the Federal Correctional Institution in Cumberland, Maryland to offer a proffer to me from the AUSA Paula Klottbach of the U.S. Attorney's Office in the Southern District of West Virginia.
>
> The proffer was straightforward.  I would provide "key" information on all my past dealings in my drug trafficking with Mr. Dobbs whom AUSA Klottback was attempting to prosecute.  In exchange I would receive a Rule 35 from the U.S. Attorney's Office.
>
> I went through an exhaustive debriefing.  I provided times, dates, places and extensive details regarding Mr. Dobbs' illegal activity.
>
> I was transferred back and forth from the BOP to WV.

In August, 2004, Detective Palmer told me that AUSA
Klottback was off the case and AUSA Samuel D. Marsh was
now handling the Dobbs case.  Mr. Marsh prosecuted me in
my 2000 case.

I was at the South Central Regional Jail in
Charleston, WV and so was Mr. Dobbs.  Mr. Dobbs knew I
was there and that I was assisting the government.  He
took a plea bargain.

If not for the information I supplied to the AUSA,
i.e. U.S. Government, Mr. Dobbs would of went to trial.
Mr. Dobbs was forced to take a plea because of the
overwhelming information I gave.

I lived up to the proffer.  It's time the U.S.
Attorneys does as well so this court can rule on the Rule
35 I was promised which I did my part of.  If this Rule
35 is put forth before this court and I receive due
process and equal protection I could gain some liberty.

Id., at 7-8.

It appears that the "Mr. Dobbs" to whom Defendant refers is

Jamarrio Dobbs, who was prosecuted in Case No. 2:04-cr-00047-1.

Mr. Dobbs entered a guilty plea on May 24, 2004 (more than a week

before Det. Palmer's trip to FCI Cumberland), and was sentenced on

December 10, 2004.

## ANALYSIS

The undersigned proposes that the presiding District Judge

**FIND** that document # 304 is a successive section 2255 motion, in

that he is attempting to attack his sentence, based on a purported

agreement with the United States.  Title 28, United States Code,

Section 2244(b)(3)(A) provides: "Before a second or successive

application permitted by this section is filed in the district

court, the applicant shall move in the appropriate court of appeals

4

for an order authorizing the district court to consider the application."  Similarly, Rule 9 of the Rules Governing Section 2255 Motions states, "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."  Paragraph 8 of § 2255 requires a second or successive motion to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Defendant's document contains neither newly discovered evidence nor a new rule of constitutional law.

The undersigned proposes that the presiding District Judge **FIND** that Defendant has not received authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive petition.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Defendant's section 2255 motion (# 304).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Defendant, Christopher L. Moore, and to counsel of record.

August 15, 2008
    Date

Mary E. Stanley
United States Magistrate Judge